**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 16-628(L)

**Caption [use short title]**

**Motion for:** Motion for Immediate Issuance Of Mandate

Aurelius Capital Master, Ltd. and ACP Master Ltd. v. The Republic of Argentina

Set forth below precise, complete statement of relief sought:

Motion for reference to the Panel that heard oral argument in this appeal on April 13, 2016 for the issuance of a mandate forthwith to the District Court for its determination of the Republic's compliance with the conditions necessary for the vacatur of the Injunctions, pursuant to Federal Rule of Appellate Procedure 41(b) and Local Rule 27.1(d).

**MOVING PARTY:** The Republic of Argentina
☐ Plaintiff   ☐ Defendant
☐ Appellant/Petitioner   ☑ Appellee/Respondent

**OPPOSING PARTY:** Aurelius Capital Master, Ltd. et al

**MOVING ATTORNEY:** Michael A. Paskin

**OPPOSING ATTORNEY:** Roy T. Englert

[name of attorney, with firm, address, phone number and e-mail]

Cravath, Swaine & Moore LLP
825 Eighth Avenue, New York, NY 10019
(212) 474-1000; mpaskin@cravath.com

Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP
1801 K Street, NW, Washington, DC 20006
(202) 665-4500; renglert@robbinsrussell.com

**Court-Judge/Agency appealed from:** Southern District of New York (Griesa, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?  ☐ Yes ☑ No
Has this relief been previously sought in this Court?  ☐ Yes ☑ No
Requested return date and explanation of emergency:
Emergency treatment is needed to make sure that the Republic can raise capital and make settlement payments expeditiously. The requested return date is April 15, 2016.

Is oral argument on motion requested?  ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☑ Yes ☐ No  If yes, enter date: April 13, 2016

**Signature of Moving Attorney:**
/s/ Michael A. Paskin   Date: 4/14/2016   Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

AURELIUS CAPITAL MASTER, LTD.
AND ACP MASTER, LTD.,
                             Plaintiffs-Appellants,

-against-

THE REPUBLIC OF ARGENTINA,
                             Defendant-Appellee.

No. 16-628(L)

**EMERGENCY MOTION FOR IMMEDIATE ISSUANCE OF MANDATE**

        Pursuant to Rule 41(b) of the Federal Rules of Appellate Procedure and Local Rule 27.1(d), the Republic of Argentina (the "Republic") respectfully moves that this Court issue its Mandate immediately, notwithstanding Plaintiffs' suggestion after this Court's bench ruling that they would request a stay of this Court's judgment.

        This is an appeal from the District Court's March 2, 2016 Order that vacated injunctions against the Republic upon the occurrence of two Conditions Precedent in light of changed circumstances, including the Republic's willingness to settle claims related to its defaulted bonds. On April 13, 2016, in an acknowledgement of the fact that the timing of the Court's decision was critical to the Republic's ability to raise sufficient capital to fund its settlements, this Court took the extraordinary step of ruling from the bench that the March 2, 2016 Order be affirmed. The Court memorialized the affirmance in a written Order on April 14, 2016. The Court then transmitted a certified copy of the April 14, 2016 Order to the District Court. (ECF No. 562.) However, this Court has not yet issued its Mandate in this appeal.

As stated in the Republic's April 12, 2016 Rule 28(j) Letter, the District Court found on April 12 that "the Republic has now satisfied the first Condition by repealing legislative obstacles to settlement". (ECF No. 547.)

The sole remaining Condition is that "[f]or all plaintiffs that entered into agreements in principle with the Republic on or before February 29, 2016, the Republic must make full payment in accordance with the specific terms of each such agreement. The Republic must also notify the court once those plaintiffs have all received full payment." The Republic is preparing to launch a new bond issue to fund the settlements it has reached, which representatives of the Republic have stated is scheduled to close next week.

However, because the Mandate has not yet been sent to the District Court, the District Court arguably lacks jurisdiction to determine whether the Republic has met the second Condition Precedent and, consequently, to determine that the injunctions have been vacated. Certainty and clarity on this issue are critical to the Republic's ability to raise capital, make settlement payments and conduct its financial affairs with confidence that the injunctions are vacated. Simply put, the bond offering cannot close until it is clear that the District Court has the authority to determine whether the Conditions Precedent have been met. The Republic therefore respectfully submits that there is good cause to shorten the time for issuance of the Mandate pursuant to Rule 41(b) to make clear that the District Court has such authority.

The Republic notes that immediate issuance of the Mandate is no obstacle to the Court providing additional guidance in a subsequent written opinion or order. In the rare cases in which this Court has ruled from the bench with opinion to follow, this

2

Court has often issued the Mandate immediately. *See, e.g.*, *Ticor Title Ins. Co. v. Cohen*, 159 F.3d 774 (2d Cir. 1998); *United States v. Chalarca*, 101 F.3d 684 (2d Cir. 1996); *United States v. Pinckney*, 101 F.3d 108 (2d Cir. 1996). In addition, the Republic notes that the Court has authority to issue the Mandate immediately notwithstanding any filing of petitions for panel rehearing or rehearing en banc. Fed. R. App. P. 41(d)(1) ("The timely filing of a petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, stays the mandate until disposition of the petition or motion, *unless the court orders otherwise.*") (emphasis added).

Pursuant to Local Rule 27.1(b), the Republic has notified opposing counsel of this motion. Lead Plaintiffs-Appellants NML Capital, Ltd., Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC, Blue Angel Capital I LLC and Olifant Fund, Ltd. have stated that they do not oppose the Republic's motion and consent to the relief sought. The Republic is not aware of the positions of the other parties.

April 14, 2016

                        Respectfully submitted,

                        CRAVATH, SWAINE & MOORE LLP,

                  by
                                 /s/ Michael A. Paskin
                                 Daniel Slifkin
                               Michael A. Paskin
                               Damaris Hernández
                              Members of the Firm

                    Worldwide Plaza
                        825 Eighth Avenue
                        New York, NY 10019
                          (212) 474-1000
                            mpaskin@cravath.com

                  *Attorneys for Defendant-Appellant*
                        *The Republic of Argentina*